# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**DONOVAN JAMAL WILLINGHAM, #171494**                   **PLAINTIFF**

**v.**                           **CAUSE NO. 1:17-cv-333-LG-RHW**

**HARRISON COUNTY**                               **DEFENDANT**

## MEMORANDUM OPINION AND ORDER
## DISMISSING PLAINTIFF'S COMPLAINT

This matter is before the Court, sua sponte, for consideration of dismissal. Plaintiff Donovan Jamal Willingham is an inmate of the Mississippi Department of Corrections (MDOC) incarcerated at the Mississippi State Penitentiary, Parchman, Mississippi. Willingham filed the instant civil action pursuant to 42 U.S.C. § 1983. Willingham requests that he be released from prison and that he receive monetary damages as relief. Compl. [1] at 4.

Having reviewed Willingham's Complaint [1], Willingham's Response [10], and relevant legal authority, the Court has determined that this civil action should be dismissed.

I. Facts and Procedural History

Willingham states that on January 4, 2015, he was arrested by the Biloxi Police Department for receiving stolen property. Compl. [1] at 4. That arrest by the Biloxi Police Department resulted in Willingham's probation being revoked. *Id*. Willingham claims that the charges used to revoke his probation were dismissed because the Grand Jury did not issue a true bill. *Id*.

The Court directed Willingham to state if his probation revocation has been reversed or invalidated. Order [9] at 1. As directed by the Court's Order [9], Willingham filed a Response stating that his probation revocation has not been reversed or invalidated. *See* Pl.'s Resp. [10] at 1.

II. Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Because Willingham was granted *in forma pauperis* status, *see* Order [8] at 1, Section 1915(e)(2) applies to the instant case.

A. Monetary damages

The United States Supreme Court has held that a 42 U.S.C. § 1983 claim for monetary damages which essentially challenges a conviction or imprisonment is not cognizable until a plaintiff's conviction or alleged unconstitutional imprisonment has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v Humphrey,* 512 U.S. 477, 486-87 (1994). Willingham's claim for monetary damages based on his parole revocation and serving an allegedly unlawful period of

2

incarceration, *see* Compl. [1] at 5, implicates the validity of the revocation hearing and therefore *Heck* applies. *See Johnson v. Murray*, 420 F. App'x 327, 328 (5th Cir. 2011) (holding that *Heck* applies to claims for monetary damages for "revocation of [Plaintiff's] parole and his continued incarceration"). Willingham cannot pursue this § 1983 civil action until he satisfies the conditions set out in *Heck*. *See id.* (citing *Heck*, 512 U.S. at 486-87; *McGrew v. Tex. Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995)). Willingham has failed to demonstrate that his parole revocation or alleged unconstitutional imprisonment meets the requirements set forth in *Heck*. *See* Pl.'s Resp. [10] at 1. Consequently, the Court finds that Willingham cannot maintain these claims, and this § 1983 civil action must be dismissed. *See id.*

    B. Request for release from incarceration

As for Willingham's request for release, the Court finds that such a request relates to the fact of his confinement. Willingham must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (citing *Cook v. Tex. Dep't of Crim. Just. Planning Dep't.*, 37 F.3d 166, 168 (5th Cir. 1994*)); see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)) (holding that a "prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement'").

When a Complaint asserts both habeas and § 1983 claims, the Court, if possible, should separate the habeas and § 1983 claims. *See Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987). A review of the Court's records reveals that Willingham filed a habeas petition challenging the revocation of his probation and his petition for habeas relief was denied. *See Willingham v. State*, No. 1:17-cv-174-HSO-MTP (S.D. Miss. May 15, 2018). Because a habeas petition filed by Willingham concerning the revocation of his probation would be a successive petition pursuant to 28 U.S.C. § 2244 requiring prior authorization of the United States Court of Appeals for the Fifth Circuit before this Court could consider the petition, *see* 28 U.S.C. § 2244(a)(3)(A), and Willingham has not presented such authorization by the Fifth Circuit, the Court will not separate Willingham's habeas claims. Willingham's habeas claims therefore will be dismissed without prejudice because of this Court's lack of jurisdiction to consider these claims.

III. Conclusion

Willingham cannot state a 42 U.S.C. § 1983 claim for monetary damages which essentially challenges his alleged unconstitutional imprisonment until the *Heck* requirements are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). Thus, this § 1983 civil action will be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (finding *Heck*-barred claims are legally frivolous). Because this

4

Court lacks jurisdiction to consider Willingham's habeas claims, these claims will not be separated into a new habeas civil action, but will be dismissed without prejudice.

Because this § 1983 civil action is dismissed as frivolous, it will be counted as a "strike." *See* 28 U.S.C. § 1915(g). If he receives "three strikes," Willingham can be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal. *See id.*

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Willingham's civil action filed pursuant to 42 U.S.C. § 1983 is **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). This dismissal will count as a "strike" in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(g).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Willingham's habeas claims are **DISMISSED WITHOUT PREJUDICE** for this Court's lack of jurisdiction to consider these claims pursuant to 28 U.S.C. § 2244(b)(3)(A).

**SO ORDERED AND ADJUDGED** this the 19th day of June, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE